IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARKELL SMITH | Criminal No. 20-346 |

**FILED**
NOV 12 2020
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Heidi M. Grogan, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a four-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Threatening Interstate Communications with Intent to Extort—Threat to Injure Person, Property, or Reputation<br>May 31, 2018 | 18 U.S.C. §§ 875(b) and 875(d) |
| 2 | Production and Attempted Production of Material Depicting the Sexual Exploitation of a Minor<br>May 31, 2018 | 18 U.S.C. §§ 2251(a) and 2251(e) |
| 3 | Receipt and Attempted Receipt of Material Depicting the Sexual Exploitation of a Minor<br>May 31, 2018 | 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) |
| 4 | Possession of Material Depicting the Sexual Exploitation of a Minor<br>November 8, 2019 | 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2) |

## II. ELEMENTS OF THE OFFENSES

A.     **As to Count 1:**

In order for the crime of Threatening Interstate Communications with Intent to Extort—Threat to Injure Person, Property, and Reputation, in violation of 18 U.S.C. §§ 875(b) and (d), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1.     That the defendant knowingly transmitted in interstate commerce a communication containing a true threat to injure the person, property, or reputation of another; and

    2.     That the defendant did so with the intent to extort[1] money or some other thing of value.

    Title 18, United States Code, Sections 875(b) and (d).

B.     **As to Count 2:**

In order for the crime of Production and Attempted Production of Material Depicting the Sexual Exploitation of a Minor, in violation of 18 U.S.C. §§ 2251(a) and (e), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1.     That the defendant employed, used, persuaded, induced, enticed or coerced a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, or attempted to do so, as those terms are defined in Title 18, United States Code, Section 2256.

---

[1] To act with intent to "extort" means to act with the intent to obtain "another person's property or money, with his or her consent when this consent is induced or brought about through the use of actual or threatened force, violence or fear." 3d Circ Model Jury Instructions § 6.18.1951-2 (Hobbs Act – Extortion by Force, Violence or Fear).

      2.      At the time of the offense, the minor was under the age of eighteen (18) years.

      3.      That the defendant knew or had reason to know that such visual depiction would be transported or transmitted using any means or facility of interstate commerce or foreign commerce, in and affecting interstate and foreign commerce, or was produced or transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, or such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce.

      Title 18, United States Code, Section 2251(a).

**C.**    **As to Count 3:**

In order for the crime of Receipt and Attempted Receipt of Material Depicting the Sexual Exploitation of a Minor, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

      1.      That the defendant knowingly received or attempted to receive a visual depiction of a minor using any means or facility of interstate or foreign commerce, or that has been shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, or through the United States mail.

      Title 18, United States Code, Section 2252(a)(2); <u>United States v. X-Citement Video</u>, 115 S.Ct. 464 (1994); <u>United States v. Gallardo</u>, 915 F.2d 149 (5th Cir. 1990).

    2.    That the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256, and the defendant knew the visual depiction was of a minor.

> Title 18, United States Code, Section 2252(a)(2);
> United States v. McCormick, 675 F.Supp. 223 (M.D. Pa. 1987), United States v. X-Citement Video, 115 S.Ct. 464 (1994).

    3.    That the visual depiction is of such conduct.

> Title 18, United States Code, Section 2252(a)(2).

**D.**    **As to Count 4:**

In order for the crime of Possession of Material Depicting the Sexual Exploitation of a Minor, in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and 2252(b)(2), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1.    That the defendant knowingly possessed one or more items which contained a visual depiction of a minor engaging in sexually explicit conduct.

> Title 18, United States Code, Section 2252(a)(4)(B).

    2.    That the item which contained the visual depiction had been mailed, transported or shipped in interstate commerce, or had been produced using materials which had been mailed or transported or shipped in interstate commerce, by any means including by computer.

> Title 18, United States Code, Section 2252(a)(4)(B).

    3.    That the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256.

Title 18, United States Code, Section 2252(a)(4)(B).

4. That the images involved prepubescent minors or minors who have not attained twelve (12) years of age.

Title 18, United States Code, Section 2252(b)(2).

### III. PENALTIES

**A.  As to Count 1: Threatening Interstate Communications with Intent to Extort—Threat to Injure Person, Property, and Reputation (18 U.S.C. §§ 875(b) and 875(d)):**

1. A term of imprisonment of not more than twenty (20) years (18 U.S.C. § 875(b)), or not more than two (2) years (18 U.S.C. §875(d));

2. A fine not to exceed $250,000 (18 U.S.C. § 3571(b)(3)); and

3. A term of supervised release of not more than three (3) years (18 U.S.C. § 3583).

**B.  As to Count 2: Production and Attempted Production of Material Depicting the Sexual Exploitation of a Minor (18 U.S.C. §§ 2251(a) and (e)):**

1. Imprisonment of not less than fifteen (15) years, nor more than thirty (30) years, but if such person has one prior conviction under Title 18, United States Code, Chapter 110, Section 1591, Chapter 71, Chapter 109A, Chapter 117, or under Section 920 of Title 10, or under the laws of any state relating to aggravated sexual abuse, sexual abuse, abusive sexual conduct involving a minor or ward, or sex trafficking of children, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be imprisoned for not less than twenty-five (25) years nor more than fifty (50) years, but if such person has two or more such prior convictions, such person shall be imprisoned not less than thirty-five (35) years nor more than life (18 U.S.C. § 2251(e)).

2. A fine not to exceed $250,000.00 (18 U.S.C. § 3571(b)(3)).

3. A term of supervised release of at least five (5) years and up to life (18 U.S.C. § 3583(k)).

**C. As to Count 3: Receipt and Attempted Receipt of Material Depicting the Sexual Exploitation of a Minor (18 U.S.C. §§ 2252(a)(2) and 2252(b)(1)):**

1. Imprisonment of not less than five (5) years and not more than twenty (20) years, but if the defendant has a prior conviction under Title 18, United States Code, Chapter 110, Section 1591, Chapter 71, Chapter 109A, Chapter 117, or under Section 920 of Title 10, or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children, the defendant shall be fined under this title and imprisoned not less than fifteen (15) years nor more than forty (40) years.

2. A fine not to exceed $250,000.00 (18 U.S.C. § 3571(b)(3)).

3. A term of supervised release of at least five (5) years and up to life (18 U.S.C. § 3583(k)).

**D. As to Count 4: Possession of Material Depicting the Sexual Exploitation of a Minor (18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2)):**

1. Imprisonment of not more than ten (10) years, but if any image of child pornography involved in the offense involved a prepubescent minor or a minor who had not attained twelve (12) years of age, the defendant shall be fined under this title and imprisoned for not more than twenty (20) years, or if the defendant has a prior conviction under Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117, or under Section 920 of Title 10, or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale,

distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned not less than ten (10) years nor more than twenty (20) years (18 U.S.C. § 2252(b)(2)).

2. A fine not to exceed $250,000.00 (18 U.S.C. § 3571(b)(3)).

3. A term of supervised release of at least five (5) years and up to life (18 U.S.C. § 3583(k)).

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

With respect to Counts Two, Three, and Four, an additional special assessment of $5000.00 must be imposed at each count upon which the defendant is convicted, as the offenses were committed after May 29, 2015, and the offenses are located within Chapter 110 of Title 18, United States Code. 18 U.S.C. § 3014(a).

## V. RESTITUTION

Restitution may be required in this case as to Counts One through Four, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 2259.

## VI. FORFEITURE

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

*/s/ Heidi M. Grogan*
HEIDI M. GROGAN
Assistant U.S. Attorney
PA ID No. 203184

7