

**U.S. Department of Justice**

*United States Attorney*
*Western District of Pennsylvania*

---

*Joseph F. Weis, Jr. U.S. Courthouse*
*700 Grant Street*
*Suite 4000*
*Pittsburgh, Pennsylvania  15219*                    *412/644-3500*

October 18, 2021

Almon S. Burke, Jr., Esquire
500 Grant Street, Suite 2900
Pittsburgh, PA 15219

Re:     United States of America v.
        Markell Smith
        Criminal No. 20-346

Dear Mr. Burke:

This letter sets forth the agreement by which your client, Markell Smith, will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between Markell Smith and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, Markell Smith will be sentenced under the Sentencing Reform Act, 18 U.S.C. § 3551, et seq. and 28 U.S.C. § 991, et seq. The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

A.      The defendant, Markell Smith, agrees to the following:

1.      He will enter a plea of guilty to Counts One and Two of the Indictment at Criminal No. 20-346, charging him with violating 18 U.S.C. §§ 875(b) and 875(d) (Count One) and §§ 2251(a) and 2251(e) (Count Two), pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

2.      He acknowledges his responsibility for the conduct charged in Counts Three and Four of the Indictment at Criminal No. 20-346 and stipulates that the conduct charged in those Counts may be considered by the Probation Office or by the Court in calculating the guideline range and in imposing

```
LIMITED OFFICIAL
     USE
```

sentence. However, this paragraph does not constitute a stipulation which specifically establishes the commission of an additional offense under Section 1B1.2(c) of the Sentencing Guidelines.

3.      Pursuant to Section 1B1.3 of the Sentencing Guidelines, the defendant further acknowledges his responsibility for additional, uncharged relevant conduct. Specifically, Markell Smith acknowledges responsibility for the commission of eight (8) additional violations involving seven (7) additional minor victims. Smith acknowledges that he threatened and extorted or attempted to extort from each of these additional victims sexually explicit images and videos, in violation of 18 U.S.C. §§ 875(b) and 875(d), in and around April 2018 (Minor 2); in and around October 2018 (Minor 3); in and around February 2019 (Minors 4 and 5); in and around May 2019 (Minor 6); in and around December 2015 (Minor 7); and in and around March 2019 (Minor 8). Smith further acknowledges his responsibility for the commission of an additional violation of 18 U.S.C. §§ 2251(a) and (e), in and around October 2018, involving one of the seven additional identified victims, Minor 3.

The defendant stipulates that this conduct may be considered by the Probation Office or by the Court in calculating the guideline range and in imposing sentence. However, this paragraph does not constitute a stipulation which specifically establishes the commission of an additional offense under Section 1B1.2(c) of the Sentencing Guidelines.

4.      He will pay mandatory restitution under the Victim-Witness Protection Act, 18 U.S.C. §§ 3663, 3663A and 3664, to the victims and/or other persons or parties authorized by law in such amounts as the Court shall direct.

He agrees that restitution and any other financial obligations imposed by the Court are due and payable immediately after the judgment is entered, and subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payments due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

Upon request of the United States, the defendant agrees to provide all information regarding his income, assets and financial status, and that of his household. If requested, the defendant agrees to submit to an interview and/or deposition as to these matters and to undergo a polygraph examination. Upon request, the defendant agrees to complete a sworn financial statement and to provide all documents under the defendant's possession or control regarding the defendant's financial resources. The

defendant authorizes the United States to obtain a credit report pertaining to him.

5.    Pursuant to 18 U.S.C. § 3663(a)(3), 18 U.S.C. § 3663A(a) & (b), 18 U.S.C. § 3664, and 18 U.S.C. § 2259, the defendant agrees to make full restitution to all minor victims of his offenses as to all counts charged, whether or not the defendant enters a plea of guilty to such counts and whether or not such counts are dismissed pursuant to this agreement, so long as the victim makes a claim for restitution prior to sentencing in this case.  Further, the defendant agrees to pay restitution under 18 U.S.C. § 2259 to any of his minor victims, for the entire scope of his criminal conduct, including but not limited to all matters included as relevant conduct.  The defendant acknowledges and agrees that this criminal conduct (or relevant conduct) includes any minor victim of any child pornography offenses, charged under Chapter 110, United States Code, and any minor victim of any violation of federal and/or state law committed by the defendant, including any contact sexual offense.  Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing for restitution purposes, if necessary.

6.    The defendant acknowledges and agrees that the amount of restitution per victim of criminal conduct (or relevant conduct) of Chapter 110 offenses shall not be less than $3,000.00.

7.    He will immediately notify the Court and the United States Attorney of any improvement in his economic circumstances that might increase his ability to pay restitution and that occurs from the date of this agreement until the completion of his sentence, including any term of supervised release.

8.    He will voluntarily forfeit to the United States all property subject to forfeiture under 18 U.S.C. §§ 2253 and 981(a)(1)(C), including but not limited to, one cellular telephone with model number LGMS550.

9.    He acknowledges that the above-described property was used to facilitate the commission of the charged offenses; is presently the subject of a criminal forfeiture action at the above-captioned criminal case number; and he herewith voluntarily consents to the Court entering an order of forfeiture of said property to the United States.

10.   The United States of America and the defendant hereby agree that all of the computers, computer media and computer peripherals, named in the indictment, seized from the defendant, and currently in the custody and/or control of the government, were properly seized and were involved in or used in violation of Federal law by the defendant.  The defendant agrees that such items are subject to seizure and forfeiture by the United States, and that no defense exists to the seizure and forfeiture of that property by

the United States. As such, the defendant hereby relinquishes all claim, title and interest he has in the above-stated property to the United States of America and agrees not to oppose any civil, administrative or judicial forfeiture of the property. The defendant knowingly and voluntarily waives any right to timely notice provided for in 18 U.S.C. § 983.

11.   If the Court imposes a fine or restitution as part of a sentence of incarceration, Markell Smith agrees to participate in the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which 50% of his prison salary will be applied to pay the fine or restitution.

12.   At the time Markell Smith enters his plea of guilty, he will deposit a special assessment of $200.00 in the form of cash, check, or money order payable to "Clerk, U.S. District Court". In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

13.   Defendant further agrees to pay an assessment per relevant count of conviction pursuant to 18 U.S.C. § 3014 as determined by the Court at the time of sentencing. Any assessments imposed shall be paid through the Office of the Clerk of District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

14.   Markell Smith agrees to send all payments made pursuant to the court's restitution order to the Clerk of Court at the following address:

Clerk of Court, U.S. Courthouse
700 Grant Street
Suite 3110, Pittsburgh, PA 15219

15.   As required by 18 U.S.C. §§ 3563(a)(8) and 3583(d), and the Sex Offender Registration and Notification Act (SORNA, 34 U.S.C. § 20901 et seq.), Markell Smith agrees to report the address where he will reside and any subsequent change of residence to the probation officer responsible for his supervision, and further agrees to register as a convicted sex offender under the law of any state in which he resides, is employed, carries on a vocation, or is a student.

16.   Markell Smith waives any former jeopardy or double jeopardy claims he may have in or as a result of any related civil or administrative actions.

17.   Markell Smith waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:

(a)   If the United States appeals from the sentence, Markell Smith may take a direct appeal from the sentence.

Page 5

    (b)    If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Markell Smith may take a direct appeal from the sentence.

Defendant further waives the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking his conviction or sentence and the right to file any other collateral proceeding attacking his conviction or sentence.

Nothing in the foregoing waivers of rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law. The defendant understands that the government retains its right to oppose any such claim on procedural or substantive grounds.

B.    In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

1.    After the imposition of sentence, the United States Attorney will move to dismiss the remaining counts of the Indictment at Criminal No. 20-346, without prejudice to their reinstatement if, at any time, Markell Smith is permitted to withdraw his plea of guilty. In that event, Markell Smith waives any double jeopardy, statute of limitations, speedy trial, or similar objections to the reinstatement of any count dismissed pursuant to this agreement.

2.    The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of Markell Smith in the offenses charged in the Indictment and of any other matters relevant to the imposition of a fair and just sentence.

3.    The United States agrees to recommend a two-level downward adjustment for acceptance of responsibility and, pursuant to U.S.S.G. § 3E1.1(b), to move for an additional one-level adjustment. However, if at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria set forth in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

4.    The United States Attorney will take any position he deems appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

Page 6

    C.    Markell Smith and the United States Attorney further understand and agree to the following:

    1.    The penalty that may be imposed upon Markell Smith at Count One of the Indictment is:

    (a)    A term of imprisonment of not more than twenty (20) years (18 U.S.C. § 875(b)), or not more than two (2) years (18 U.S.C. § 875(d));

    (b)    A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3));

    (c)    A term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

    (d)    A special assessment under 18 U.S.C. § 3013 of $100.00; and

    (e)    Mandatory restitution under the Victim-Witness Protection Act, 18 U.S.C. §§ 3663, 3663A, and 3664.

    2.    The penalty that may be imposed upon Markell Smith at Count Two of the Indictment is:

    (a)    A term of imprisonment of not less than fifteen (15) years, and not more than thirty (30) years, but if such person has a prior conviction under Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117, Section 1591 of Chapter 77, or under Section 920 of Title 10, or under the laws of any state relating to aggravated sexual abuse, sexual abuse, abusive sexual contact involving a minor or ward, or sex trafficking of children, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be imprisoned for not less than twenty-five (25) years, nor more than fifty (50) years, but if such person has two or more such prior convictions, such person shall be imprisoned not less than thirty-five (35) years, nor more than life (18 U.S.C. § 2251(d));

    (b)    A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3));

    (c)    A term of supervised release of not less than five (5) years and up to life (18 U.S.C. § 3583(k));

    (d)    A special assessment under 18 U.S.C. § 3013 of $100.00;

    (e)    An additional special assessment of $5,000.00 under the Justice for Victims of Trafficking Act, 18 U.S.C. § 3014(a); and

(f)     Mandatory restitution under the Victim-Witness Protection Act, 18 U.S.C. §§ 3663, 3663A, 3664 and 2259.

Since the maximum penalty for an offense to which the defendant is pleading guilty is punishable by 25 years or more, pursuant to 18 U.S.C. §§ 3559 and 3561, the defendant is not eligible for a sentence of probation.

3.     The Court shall determine the victims and/or other persons or parties who will receive restitution as authorized by law.

4.     The parties stipulate that:

    (a)     As to Count One, under § 2B3.2 of the Sentencing Guidelines, the base offense level is 18. The parties further agree that this base offense level should be raised by 2 levels pursuant to § 2B3.2(b)(1) (offense involved threat of bodily injury), resulting in an adjusted offense level of 20, as to Count One.

    (b)     As to Count Two, under § 2G2.1 of the Sentencing Guidelines, the base offense level is 32. The parties further agree that this base offense level should be raised by a total of 8 levels, resulting in an adjusted offense level of 40:

        (1)     4 levels pursuant to § 2G2.1(b)(1) (offense involved a minor who had not attained the age of twelve years);

        (2)     2 levels pursuant to § 2G2.1(b)(2)(A) (offense involved the commission of a sexual act or sexual contact);

        (3)     2 levels pursuant to § 2G2.1(b)(6) (solicit participation with a minor in sexually explicit conduct).

5.     This stipulation represents the parties' best understanding on the basis of the information available as of the date of this agreement. This stipulation is not binding on the Court and does not preclude the parties from bringing to the attention of the United States Probation Office or the Court any information not within their knowledge at the time this agreement is executed.

6.     The parties agree that the willful failure to pay any fine imposed by the Court may be treated as a breach of this plea agreement. Markell Smith acknowledges that the willful failure to pay any fine may subject him to additional criminal and civil penalties under 18 U.S.C. § 3611 et seq.

7.     This agreement does not preclude the government from pursing any civil or administrative remedies against Markell Smith or his property.

Page 8

8.     The parties agree that, although charges are to be dismissed pursuant to this agreement, Markell Smith is not a prevailing party for the purpose of seeking attorney fees or other litigation expenses under Pub. L. No. 105-119, § 617 (Nov. 26, 1997) (known as the Hyde Amendment).  Markell Smith waives any right to recover attorney fees or other litigation expenses under the Hyde Amendment.

9.     Pursuant to the Standing Order of the United States District Court dated May 31, 2017, all plea letters shall include a sealed Supplement.  The sealed Supplement to this plea letter is part of the agreement between the parties hereto.

This letter sets forth the full and complete terms and conditions of the agreement between Markell Smith and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

STEPHEN R. KAUFMAN
Acting United States Attorney

I have received this letter from my attorney, Almond S. Burke, Jr., Esquire, have read it and discussed it with him, and I understand the terms of the Agreement.  I hereby accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania.  I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

MARKELL SMITH

1/26/22
Date

Witnessed by:

ALMOND S. BURKE, JR., ESQUIRE
Counsel for Markell Smith